ALFRED A. BLAIR et al., Respondents, *v.* JAMES A. FLACK, as Sheriff, etc., Appellant.

Plaintiffs obtained an attachment against a corporation, which was placed in the hands of defendant, as sheriff, who, by virtue thereof, levied upon certain property of the corporation. A. claimed the property, and pursuant to an agreement between him, a clerk of one of defendant's deputies and plaintiff's attorney, A. gave a check as security for any judgment plaintiffs might recover, and thereupon the property was delivered up to him, and defendant drew the money on the check. A. commenced an action to recover the same, claiming that the property belonged to him and that the check simply took its place; he recovered judgment, which was paid by defendant. Plaintiffs were not made parties; they obtained judgment in the attachment suit, and having failed to collect, brought this action to recover the amount of the judgment. Defendant claimed, on appeal, that he was not liable for the contract made by the deputy's clerk; the authority was not denied but was assumed on the trial. *Held*, that the question could not be raised on appeal.

Plaintiffs put in evidence a copy of an affidavit claimed to have been made by defendant; the original was presented in court and used by his attorney in the action of A. against him as an original, genuine paper. It was objected that there was no proof that defendant signed the original. *Held*, untenable.

The judgment roll in the action of A. against defendant was offered in evidence in his behalf, but was excluded. *Held*, no error; that as plain-

tiffs were not parties to that action they were not bound by the judgment; also, as defendant had the benefit of the proof that he claimed and recovered in that action the proceeds of the check, the judgment roll was immaterial.

Defendant further claimed, on appeal, that he was bailee of the check and its proceeds, and that he should have been permitted to show on the trial that the true owner had taken it from him by legal process. No such defense was set up in the answer or alluded to on the trial. *Held,* not available on appeal.

(Argued December 22, 1893; decided January 16, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 6, 1892, which affirmed a judgment in favor of plaintiffs entered upon a verdict, and also affirmed an order which denied a motion for a new trial.

This action was brought against defendant, as sheriff of the city and county of New York, to recover the amount of a check given by one Horace J. Adams to take the place of certain property levied upon by defendant by virtue of an attachment obtained in an action brought by plaintiffs against the Illustrated News Company.

The facts, so far as material, are set forth in the opinion.

*Abram Kling* for appellant. The defendant as sheriff was not liable for the contracts made by Costa, a clerk in the employ of a deputy sheriff, who was not known to the defendant and in no way authorized to represent him. (*Mickels* v. *Hart,* 1 Den. 548; *Corning* v. *Southland,* 3 Hill, 552; *Dooley* v. *Root,* 13 Grey, 303; *Harrington* v. *Fuller,* 18 Maine, 277; *Wetherby* v. *Hoster,* 5 Vt. 136; *Kimball* v. *Perry,* 15 id. 414; *White* v. *Madison,* 26 N. Y. 117; *Ritch* v. *Smith,* 82 id. 627; Code Civ. Pro. §§ 644, 649, 654, 658.) It was error for the court to admit the contents of the alleged affidavit of the defendant, without proof that the defendant had signed or consented to the same. (*Southwick* v. *Hayden,* 7 Cow. 334; *Nichols* v. *K. I. Co.,* 56 N. Y. 618; *McPherson* v. *Rathbone,* 7 Wend. 216.) The General Term was in error when it held that the statements of an attorney made in

another proceeding are binding upon the client, notwithstanding he had no knowledge of the paper which is sought to bind as his admission. (*Cook* v. *Barr*, 44 N. Y. 156; *Dennie* v. *Williams*, 145 Mass. 25; *Duff* v. *Duff*, 71 Cal. 513; *Johnson* v. *Russell*, 124 Mass. 409; *Fay* v. *Hebbard*, 42 Hun, 491; *Addie* v. *Howe*, 15 id. 120.) It was error for the court to exclude the judgment roll in the City Court action wherein Adams was plaintiff and Flack defendant, and also error to exclude evidence that the plaintiff had notice of said proceedings and was requested to defend the same. (*Roberts* v. *S. S. D. Co.*, 123 N. Y. 65; *N. T. Co.* v. *Barber*, 56 id. 544; *Kovitzky* v. *Meyer*, 49 id. 571.)

*Herbert T. Ketcham* for respondent. The agreement by which the sheriff undertook to hold the $1,400 as security for plaintiffs' claim was supported by ample consideration. (*Lockwood* v. *Bull*, 1 Cow. 322, 331, 332; Story on Bail. § 98; Bishop on Cont. § 64.) The finding of the learned judge at Circuit, that the proof of the loss was sufficient, is not the subject of review. (*Steele* v. *Lord*, 70 N. Y. 280, 283; *Mason* v. *Libbey*, 90 id. 683, 684; *Mandeville* v. *Rogers*, 68 id. 528.) The order in *Adams* v. *Flack*, denying the motion for interpleader, was properly excluded. (Code Civ. Pro. § 820.)

EARL, J. The plaintiffs obtained an attachment against the property of the Illustrated News Company, which was placed in the hands of the defendant as sheriff, and he, by virtue thereof, levied upon certain property as belonging to the news company. Mr. Adams claimed that the property belonged to him, and by an arrangement between him, Mr. Costa, a clerk of one of the sheriff's deputies and the attorney of the plaintiffs, he, Adams, gave a check to Costa to take the place of the property attached, and that property was then delivered to Adams and disposed of by him. The sheriff drew the money on the check, and Adams, claiming that the property attached belonged to him, and that the check simply took the place of it, commenced an action against the sheriff to recover the

money, and he recovered judgment, which was paid by the sheriff. These plaintiffs were not parties to that action, and, therefore, were not bound by the judgment recovered therein. After the plaintiffs had recovered judgment in the action in which the attachment was issued, and had failed to collect the amount thereof by a proper execution issued thereon, they commenced this action against the sheriff, claiming that the check was deposited by Adams as absolute security for the payment of any judgment they should recover. Upon the trial they gave evidence tending to establish their claim that the check was deposited for the purpose alleged by them, and Costa and Adams testified on behalf of the defendant that it was deposited simply to take the place of and to stand for the property attached. The trial judge charged the jury that if the arrangement as to the check was as claimed by the plaintiffs they were entitled to recover; but that if it was as claimed by the defendant he was entitled to their verdict. The charge was not complained of or excepted to, and the jury rendered a verdict in favor of the plaintiffs.

The defendant upon this appeal alleges several errors, for which he claims the judgment should be reversed:

1. It is claimed that the sheriff was not liable for the contract made by Costa, a clerk in the employment of a deputy sheriff, who was not known to the sheriff, and was in no way authorized to represent him. The answer to this is that no such point was taken upon the trial. It could have been raised by exception to the charge to the jury, or by request to charge; but it was not, and it was not mentioned as one of the grounds for a nonsuit. There was absolutely no claim upon the trial that Costa was not authorized to represent and bind the sheriff by the arrangement he made as to the property attached. While the plaintiffs' attorney was under examination as a witness, and was testifying as to the arrangement as to the attached property and the check made between him, Costa and Adams, he was asked: "Will you state what conversation took place at that time?" The counsel for the defendant then said: "To preserve our rights we object to

the declaration of Costa against the defendant." The judge overruled the objection, saying: "Under the declaration of counsel that it will be connected I will allow it to be given." And the witness then testified to the arrangement made by Costa acting for the sheriff. Evidence was subsequently given tending to show Costa's authority, and the recognition of that authority by the sheriff, and the objection to his evidence was in no way subsequently renewed. In the subsequent stages of the trial we think it was assumed that Costa was authorized to act for and bind the sheriff, and, as a witness for the defendant, he did not deny his authority.

2. The plaintiffs put in evidence what they claimed to be a copy of an affidavit made by the sheriff and used by his attorney in the action of Adams against him. It is now objected that there was no proof that the sheriff signed the original affidavit. It was presented in court and used by the sheriff's attorney as an original, genuine paper, and for reasons more fully stated in the prevailing opinions in the court below we think the evidence was sufficient to authorize the introduction of the copy in evidence.

3. It is contended on behalf of the defendant that the trial judge erred in excluding the judgment roll in the action of Adams against the sheriff. The plaintiffs were not parties to that action, and were not bound by the judgment rendered therein. The precise statements contained in the judgment roll were not important or material. The defendant had the benefit of the proof that Adams claimed the proceeds of the check in that action and recovered the same. If the plaintiffs established that the check was deposited for their security as claimed by them, then the sheriff was bound to keep it for them, and if he delivered the property attached to Adams under an arrangement so loose and uncertain that he could not defend the check or its proceeds against him, that was his misfortune, and Adams' recovery against him furnished no defense to this action. If the check was deposited under the arrangement claimed by the sheriff, then, even if the money remained in his hands, the plaintiff would not be entitled

under the arrangement to receive it. So in any event the judgment roll was immaterial. But as before stated the defendant had the full benefit of the recovery by Adams in that action.

The defendant further claims that he was bailee of the check and its proceeds, and that he should have been permitted in defense of this action to show that the true owner of the property had taken it from him by legal process. The answer to this is that no such defense was alleged in the answer, or claimed or even alluded to upon the trial.

We have now noticed all the points made by the defendant against the plaintiffs' recovery, and while we fear that injustice has been done to him by the verdict of the jury, we find no legal error upon which a reversal of the judgment could be based.

The judgment must, therefore, be affirmed,

All concur, except Bartlett, J., not sitting.

Judgment affirmed.