Andrews, C. J.
The question decided in Wise v. Grant, 140 N. Y. 593; 56 St. Rep. 496, was not raised on the trial. The motion for nonsuit, made in behalf of all the defendants, on the ground that no cause of action had been proved against either of the defendants, did not suggest the point now taken. If the attention of the counsel for the plaintiffs had been drawn to the objection now made, we' cannot say that proof might not have been supplied showing that the'contract of sale had been rescinded by the vendors prior to the lewy and seizure by the sheriff. The court had jurisdiction of the controversy, and objections which might have been obviated, if made, cannot be taken for the first time on appeal. Where the proof is defective on some point which is capable of being supplied, but no question is raised on the trial, the court, on appeal, will assume that proof of the omitted fact was waived, or that the fact as to which the proof was defective was conceded. Blair v. Flack, 141 N. Y. 56; 56 St. Rep. 571; Reeder v. Sayre, 70 N. Y. 190.
The other questions in the case were considered by the general term, and none of them require a reversal of the judgment. Ho attempt was made on the trial to justify the statement made by Fechheimer, Rau & Co. to Bliss, Fabyan & Co., in December, 1889. It was grossly untrue. It purported to be a detailed statement of the assets and liabilities of the firm in July, 1889, showing on its face that the firm at that time had a surplus of over $188,000, whereas the undisputed evidence is that the firm was then insolvent. Fechheimer, Rau & Co. furnished a copy of the July statement to Bliss, Fabyan & Co., in response to the request of Mr. Bliss for an account of their affairs, and stated that the firm was as well off in December as in July. There was a controversy on the trial as to whom the representation contained in the statement was made. It was claimed by the defendants that the statement was furnished to Mr. Bliss, as vice president of the Fourth Hational Bank, for-the use of the bank, and was not intended for the use of the firm of which Mr. Bliss was a member, or as an inducement for credit with that firm. On the other hand, it was claimed that it was furnished for the use of Bliss, Fabyan & Co. as a foundation for credit with that firm, and that Mr. Bliss, who aided the firm of Fechheimer, Rau & Co. in procuring discounts at his bank, sent the statement to the bank for its information *170 as to the standing o£ the firm. The issue was submitted to the jury. The court charged, in substance, that if the statement was furnished by Fechheimer, Rau & Co. for the use of the bank, and was not intended as a representation to Bliss, Fabyan & Co., the plaintiffs could not recover.1 The jury found for the plaintiffs on this issue. This finding disposed of the only real controversy in the case, since the untruth of the statement was scarcely controverted, and that the plaintiffs relied upon it in extending the credit Was amply shown.
The question whether the statement made to Dun's agency in December, 1888, reaffirmed by Fechheimer, Rau & Co. in July, 1889, and upon the faith of which the firm of Gel berm an, Domerich & Co., subscribers to the agency, sold goods bn credit to Fechheimer, Rau & Go. early in 1890, and contemporaneously with the sales made by Bliss, Fabyan & Go., was competent evidence upon the question of the fraudulent intent of Fechheimer, Rau & Go. in making the statement of December, 1889, to Bliss, Fabyan & Oo., is of little importance. As the case stood upon the issues actually litigated, the' plaintiffs’ case needed no support upon that question. But we are inclined to agree with the view of the general term that this evidence was competent. The judgment should be affirmed.
All concur.
[1] Judgment affirmed.