MARLATTE *v.* WEICKGENANT.

1. PROCESS—ABUSE — ACTION — DECLARATION — WARRANT OF AR-
REST.
A count alleging a use of a warrant charging a criminal of-
fense as a means, which, when accompanied by threats of an
arrest under it, resulted in frightening the plaintiff into pay-
ing over to the agents of defendant a sum of money in excess
of any demand of defendant, shows a right to recover for an
abuse of process.

2. SAME—EVIDENCE—SUFFICIENCY.
In an action for an abuse of process in using the same to
frighten plaintiff into paying over to defendant's agents.a sum
of money in excess of any demand due him, evidence exam-
ined, and *held,* sufficient to support a recovery.

3. SAME—FORM OF ACTION.
An action on the case will lie to redress extortion of money by
means of an abuse of criminal process.

4. SAME—DAMAGES.
In an action on the case to redress extortion of money or prop-
erty by means of an abuse of criminal process the damages
are not restricted in all cases to the value of the money or
property obtained, but if there are circumstances of aggrava-
tion, additional damages are allowable.

HOOKER and GRANT, JJ., dissenting.

Error to Calhoun; Hopkins, J. Submitted October 11,
1906. (Docket No. 65.) Decided March 5, 1907.

Case by Lottie A. Marlatte against Jacob Weickgenant
for malicious prosecution and abuse of criminal process.
There was judgment for defendant on a verdict directed
by the court, and plaintiff brings error. Reversed.

*Quincy A. Smith* and *Oscar J. Hood (Frank W.
Clapp,* of counsel), for appellant.

*J. M. Powers & W. S. Powers,* for appellee.

HOOKER, J. This cause was taken from the jury, in favor of the defendant, upon one or all of the following grounds, viz. :

1. Plaintiff has failed to show want of probable cause for making complaint.

2. Plaintiff has failed to show malice on the part of the defendant in making the complaint.

3. The evidence shows the plaintiff guilty of larency, upon her own showing.

4. The plaintiff has failed to show a determination or ending of the criminal prosecution in such a way that would entitle her to commence this suit.

5. The proofs show that defendant acted upon the advice of counsel in making the complaint.

Counsel appear to agree that the twenty-ninth assignment of error only need be discussed. It was that "the court erred in directing a verdict for the defendant upon the conclusion of the plaintiff's case."

Each of the grounds stated requires the consideration of all evidence upon the subject, and any one of them is sufficient to sustain the verdict, on a count for malicious prosecution, if well taken. The plaintiff's own testimony shows that in April, 1902, she resided in Battle Creek, with her husband, that on April 19th she had a transaction at the defendant's store with his clerk, a Mr. Reide, selecting a pair of curtains which she asked to be allowed to take home upon approval, and which she would return if they did not suit, and she would want another pair if they did. Reide turned the matter over to another clerk after a short talk with her. It is inferable from her testimony that she ordered a carpet the same day, and that she told the clerk that she could not pay before June. After a conversation with a man whom she supposed to be the defendant (whom she did not know), Reide returned to her and gave her the curtains. She afterwards bought another pair of curtains. At this time the clerk who waited upon her asked her if she had a book account there, and she replied that she had. The clerk consulted the bookkeeper, and they looked at the book, when she was allowed to take the curtains.

She did not use these goods in Battle Creek, for, according to her story, her husband told her to get ready to move to Lansing, which they did two or three days after the latter transaction, which occurred on April 19th, on which day, or a day or two later, the carpet was delivered. She did not communicate with the defendant or his employés or inform him or them of her intended removal, either at the time she purchased the goods, or at any other time.

Early in June following, Reide procured a warrant for the larceny of the first pair of curtains, to be issued by a justice of the peace, upon a complaint over the name of the defendant. These papers were both drawn by a justice, after a statement of the facts by Reide, and after the justice had taken the advice of counsel that they constituted larceny, which advice was, before the warrant issued, communicated to Reide. The justice testified that he could not tell whether the defendant signed the complaint or not, but we are of the opinion that there was room for an inference that he signed it. The warrant was placed in the hands of an officer, who, with Reide, went to plaintiff's residence in Lansing, accused her of stealing the curtains, told her that Mr. Reide had the warrant for her, which was exhibited, upon which she would be arrested and taken to Battle Creek, if she did not pay for all of the goods, together with the costs and expenses. She offered to pay $25, saying it was all the money she had, but she afterwards obtained some money from a bank, upon a draft or some other paper which she seems to have had, and paid $76 to Mr. Reide, and nothing further was done. On cross-examination she admitted that, about the time she procured these goods, she obtained others on approval, from other merchants in Battle Creek, and took them to Lansing with her, without paying for or giving notice of her intention to remove, and that in one or more instances she paid for these after the transaction at Lansing with Reide, under similar threats of arrest and punishment.

The testimony in this cause might convince a jury that this warrant was used for an improper purpose. It charged a felony, and, if used for the purpose of obtaining a settlement, instead of to bring the offender to justice, it was a wrongful use. It is contended that, whatever use was made of this warrant, the defendant cannot be held liable in this action, for the reason that there is no evidence connecting him, either with the issue or use of the warrant, and that he cannot be held liable for the wrong of his clerk, who acted outside of the scope of his authority. Reide, the clerk, caused the action taken by the justice of the peace; but there is testimony tending to show, and from which a jury might find, that defendant signed the complaint. The notice accompanying the plea is consistent therewith, and he did not choose to offer testimony to the contrary. The cause was disposed of on motion of counsel on plaintiff's showing. While there is no positive proof that defendant had any part in the transaction, there is evidence from which it is legitimately inferable.

The same may be said as to the use of the warrant. It is a natural inference, from the circumstances, that the use made of the warrant was intended, when it was procured, and that such intention was shared by all connected with its procurement. If defendant shared an intention to make an improper use of the warrant, by using it for private purposes to the exclusion of public interests, there was malice in his action. If this is an action for malicious prosecution merely, the plaintiff cannot be said to have made a case, unless a want of probable cause has been shown. This is not inferable from malice alone. See *Le Clear* v. *Perkins*, 103 Mich. 131 (26 L. R. A. 627); *Hamilton* v. *Smith*, 39 Mich. 222; *Smith* v. *Austin*, 49 Mich. 286; *Webster* v. *Fowler*, 89 Mich. 311. It may be inferable from the facts and circumstances, however. We are asked to hold that upon this record—all of the testimony being returned—there is no evidence from which a want of probable cause is inferable. If it were

demonstrable from this record that the plaintiff obtained
these curtains by fraud, with the felonious intent to de-
prive the owner of them, we would be justified in saying
that want of probable cause was not shown; but we are
not able to say, as matter of law, that the plaintiff had the
felonious intent, nor that the defendant, when he made
the complaint, even believed that she obtained the goods
with such intent. These were proper questions for the
jury. See *Harris* v. *Woodford*, 98 Mich. 147; *Rankin*
v. *Crane*, 104 Mich. 9; *Fine* v. *Navarre*, 104 Mich. 95;
*Pawlowski* v. *Jenks*, 115 Mich. 275; *Bennett* v. *Eddy*,
120 Mich. 309; *Burbanks* v. *Lepovsky*, 134 Mich. 391;
*Adkin* v. *Pillen*, 136 Mich. 682.

Another reason is given for affirming this cause. It is
said that an action for malicious prosecution requires that
the proceeding complained of shall have terminated by an
acquittal, or in favor of the accused, and that, when it is
settled, or dropped by agreement, it will not lie. Man-
ifestly, if the defendant had been convicted and punished
for larceny in that proceeding, probable cause to believe
in guilt would as a general rule be treated as demon-
strated, and defendant's good or bad faith or motive
would be immaterial. It is only when there is an oppor-
tunity to say that there was no probable cause that his
good or bad faith becomes important. It is in cases where
defendant relies upon a justification for his acts, as ad-
vice of counsel, or barely divulging his knowledge to a
magistrate, that this question is involved. *Rankin* v.
*Crane*, 104 Mich. 6; *Phillips* v. *Village of Kalamazoo*,
53 Mich. 33; 19 Am. & Eng. Enc. Law (2d Ed.), p. 666;
4 Current Law, p. 485, and cases cited.

In the present case it cannot be said that the proceed-
ings terminated in what was equivalent to an acquittal.
On the contrary, the plaintiff paid the debt for the obvi-
ous purpose of avoiding arrest. If there was not a clear
compromise, to the extent of compounding a felony, which
does not appear, it is clear enough that she paid her debt
and the costs, to avoid trouble, with the concurrence of

Reide.    Whatever we may think of the propriety of the use made of the process, or the settlement of the matter, or its efficiency to secure her against further prosecution, we cannot say that it was tantamount to an acquittal. For this reason we think that an action of malicious prosecution cannot be maintained.    See *McCormick* v. *Sisson*, 7 Cow. (N. Y.) 715; *Emery* v. *Ginnan*, 24 Ill. App. 65; *Rosenberg* v. *Hart*, 33 Ill. App. 262; *Fadner* v. *Filer*, 27 Ill. App. 506; *Sartwell* v. *Parker*, 141 Mass. 405; *Gallagher* v. *Stoddard*, 47 Hun (N. Y.), 101.

We understand it to be contended in this court that the second count charges a malicious abuse of process, resulting in extortion through duress, and mental and physical distress, and injury from a newspaper publication of this transaction.    These allegations are incorporated in a count which charges the malicious procurement of the writ. There is no doubt of a plaintiff's right to redress for the willful misuse of criminal process, if the misuse occasions injury and damage.    Thus, in the case of *Holley* v. *Mix*, 3 Wend. (N. Y.) 350, one under arrest upon a valid criminal warrant for larceny was taken by the constable, who acted in collusion with the complainant, to a place appointed, where, by virtue of threats, he was led to pay the amount alleged to have been stolen.    An action for false imprisonment against the constable was sustained, upon the theory that the wrongful use of the warrant removed its protection, and the detention was unlawful.

In *Baldwin* v. *Weed*, 17 Wend. (N. Y.) 224, it was held that damages for oppressive conduct could not be recovered on a count for malicious prosecution, but only on a count charging it, which might be joined with a count for malicious prosecution, however.

*Wood* v. *Graves*, 144 Mass. 365, is another case in which it was held that false imprisonment would lie for misuse of a warrant.    See, also, *Dishaw* v. *Wadleigh*, 15 App. Div. (N. Y.) 210.

The case of *Grainger* v. *Hill*, 4 Bing. N. C. 220, contains an interesting discussion of this subject.    *Sneeden* v.

*Harris*, 109 N. C. 357 (14 L. R. A. 389); *Lockhart* v.
*Bear*, 117 N. C. 298; *Hewit* v. *Wooten*, 52 N. C. 182;
*Prough* v. *Entriken*, 11 Pa. 81; *Adams* v. *Adams*, 13
Pick. (Mass.) 384.   See Cooley on Torts (2d Ed.), p. 220.
Many, if not all, of these cases arose upon an arrest, or
detention of the person or unlawful taking of property of
the plaintiff, which is not this case, and the question
arises whether they have application to a case like the
present, where the only use made of the process is to incite
fear of arrest; in other words, whether such use is an
actionable abuse of the process.   See *Bonney* v. *King*,
201 Ill. 47; *Mayer* v. *Walter*, 64 Pa. 283; *Norcross* v.
*Otis*, 152 Pa. 487.

As we have seen, an action of false imprisonment may
lie when there is a misuse of valid process (see *Holley* v.
*Mix*, supra), and an action of trespass, or perhaps case,
may lie for the wrongful seizure of property; but we have
not such a case, either declared upon or proved.   While
this count is said to charge abuse of process, it is also sug-
gested that it alleges duress, consisting of a threat to im-
prison (with apparent ability and right), unless money
should be paid.   If it should be found that this was duress,
under which money had been unlawfully extorted, an
action would lie therefor.   Cooley on Torts (2d Ed.), p.
592 et seq.; 5 Current Law, pp. 1047, 1048.   It may be
accompanied by a misuse of process, in a sense, e. g., as
by an exhibition of it, to give color and efficacy to the
threat.   The action would ordinarily be to recover the
property parted with, and, in a case like this, where money
is obtained through duress, assumpsit is the usual remedy,
and the measure of damages the money unlawfully ex-
torted (8 Enc. of Pleading & Prac. p. 795, and notes;
5 Current Law, p. 1048), and where case will lie, as it
undoubtedly may in some cases, the damage should be
specially alleged.

We are cited to no case, recognizing duress by mere
threats, unaccompanied by an arrest or forcible detention
of the person, or property, as a ground for personal dam-

ages. It is said that the case of *Antcliff* v. *June*, 81 Mich. 477 (10 L. R. A. 621), sustains the plaintiff's contention, that case will lie for the abuse of process, under the circumstances of this case; but we need not decide the question. For the first time the plaintiff's counsel apparently attempt in this court to distinguish this case from a malicious prosecution case. They say:

"This is strictly an action on the case—upon the facts pleaded and proven—to recover damages for injuries sustained by the plaintiff on account of the abuse, and misuse, of the criminal process of the State, for the purpose of extorting money by intimidation, fear, and duress; in other words, the wrongful and malicious use and abuse of the criminal process of the State, for the purpose of collecting a debt, and unlawful sums as costs. The facts in the case are fully stated and set forth in plaintiff's amended declaration."

Again:

"Both court and counsel seem to have failed to comprehend the charge of the declaration. It is not a declaration strictly for either false imprisonment or malicious prosecution. While sounding in both (and perhaps sufficient in either without demurrer), it does not claim a malicious prosecution, because there was no prosecution. It does not aver imprisonment, because there was no arrest, although it might be well said that she was placed under restraint and imprisonment by the conduct of Reide and Annis; but it does allege the duress, restraint, and intimidation of the plaintiff through the use of these criminal proceedings, and extorting thereby from her, wrongfully, the moneys that she paid over. It alleges the perpetration of a great wrong and injury to her, and sets forth the means by which it was accomplished."

We need not enter upon the question whether an action, distinct from, and governed by different rules than those applicable to, malicious prosecution, would lie upon the facts of this case, for no one appears to have thought this was such a case, or, if plaintiff's counsel did, it was not brought to the attention of the trial court so far as we have been able to ascertain. At all events, our attention

is not directed to anything indicating it, and, as counsel say, neither the court nor defendant's counsel seem to have understood that the declaration was of such a character. The remarks made and reasons given by the judge at the time that he directed a verdict show that he supposed that he was disposing of a case of malicious prosecution. The motion for a verdict shows that the defendant's counsel acted upon the same theory, there are no requests to charge upon such a theory, and the assignments of error do not point to such a question. Of the twenty-nine assignments, all but one refer to rulings on evidence, and the brief does not state the errors relied on, as required by rule. The twenty-ninth assignment is that the court erred in directing a verdict for the defendant, and this is the only one discussed. The following authorities sustain the rule that a case should not be reversed upon points and theories that were not presented to the trial court: *Oatman* v. *Taylor*, 29 N. Y. 649, 662; *Adams* v. *National Bank*, 116 N. Y. 606, 614 (6 L. R. A. 491); *Sterrett* v. *National Bank*, 122 N. Y. 659; *Blair* v. *Flack*, 141 N. Y. 53, 56; *Oliphant* v. *Burns*, 146 N. Y. 218, 236; *Reich* v. *Cochran*, 151 N. Y. 122 (37 L. R. A. 805); *Krebs Manfg. Co.* v. *Brown*, 108 Ala. 508; *Greene* v. *Greene*, 49 Neb. 546 (34 L. R. A. 110); *Klotz* v. *James*, 96 Iowa, 1; *State* v. *Myers*, 70 Minn. 179; *Williamson* v. *Building & Loan Ass'n*, 54 S. C. 582; *Rivard* v. *Rivard*, 109 Mich. 98.

The judgment should be affirmed.

GRANT, J., concurred with HOOKER, J.

MONTGOMERY, J. In my opinion the record presents the question of plaintiff's right to recover for an abuse of process. The testimony presented tended to show a use of a warrant charging a criminal offense as a means, which, when accompanied by threats of an arrest under it, resulted in frightening the plaintiff into paying over to the agents of defendant a sum of money in excess of any demand of defendant. The second count of the decla-

ration sets out these acts at length, and was clearly sufficient, under *Antcliff* v. *June*, 81 Mich. 477 (10 L. R. A. 621).

The record does not disclose that the plaintiff's counsel at any time waived any right which plaintiff had to recover under this count, or in any manner restricted the claim to the count for malicious prosecution. When the defendant moved the court to direct a verdict, the question presented was whether the plaintiff had offered any testimony tending to make a case under the pleadings. *Stewart* v. *Railroad Co.*, ante, 48. I think it clear she had made such a case, and that it was error to withdraw the case from the jury.

While assumpsit may be the remedy most usually sought for redress of extortion of money, it is not on principle an exclusive remedy. The wrong committed by extorting money from its owner by means of an abuse of criminal process is not different in character from extorting by the same means his horse or his ox or his ass or any other thing that is his. In either case an action on the case is permissible. See *Antcliff* v. *June*, supra. Nor do I think that damages for such an injury will in all cases be restricted to the value of the money or property obtained. If there be circumstances of aggravation, additional damages may be allowed. See 4 Sutherland on Damages (3d Ed.), § 1131, and note 10.

The judgment should be reversed, and a new trial ordered.

McALVAY, C. J., and CARPENTER, BLAIR, OSTRANDER, and MOORE, JJ., concurred with MONTGOMERY, J.