RUPRIGHT *v.* MUSKEGON CIRCUIT JUDGE.

1. FALSE IMPRISONMENT—CAPIAS AD RESPONDENDUM—AFFIDAVIT—SUFFICIENCY—PRIMA FACIE CASE.
   In an action for false imprisonment and abuse of civil process, commenced by *capias ad respondendum*, a declaration, supported by affidavit, charging defendant with causing plaintiff's arrest and imprisonment without probable cause, and that the proceeding was subsequently voluntarily dismissed, held, to make a *prima facie* case of false imprisonment.

2. SAME—ABUSE OF PROCESS—PRIMA FACIE CASE.
   A further showing of ill will on the part of defendant toward plaintiff over the title to a gasoline motor that had been patented by plaintiff, and the fact that plaintiff was given his liberty upon condition that he would go away from the county and remain away, *held*, to make a *prima facie* case of the abuse of civil process.

On the question whether the discharge of one accused of crime by an examining magistrate is *prima facie* evidence of want of probable cause, see notes in 64 L. R. A. 481 and 3 L. R. A. (N. S.) 928.

Mandamus by Frederick E. Rupright to compel John Vanderwerp, circuit judge of Muskegon county, to reinstate *capias ad respondendum* proceedings. Submitted July 17, 1919. (Calendar No. 28,843.) Writ granted October 6, 1919.

*Charles E. Misner,* for plaintiff.

*Carpenter & Jackson,* for defendant.

BIRD, C. J. On November 23d, one Clifford R. Wassell, of Muskegon, caused the arrest of plaintiff on a *capias ad respondendum* and plaintiff was kept in the county jail by the sheriff for a period of four hours. At the end of that time he was released on his promise to Wassell that he would go and stay away from the county of Muskegon. Later plaintiff's counsel moved to quash the writ on the ground that the order to hold to bail was not sufficient. During the pendency of this motion Wassell's attorneys stipulated a discontinuance of the writ and proceedings. This matter being disposed of, plaintiff caused the arrest of Wassell on a *capias* for false imprisonment and abuse of civil process. Wassell's attorneys moved the court to dismiss the writ on the ground that the affidavit for the *capias* was insufficient. This motion was granted. Plaintiff now asks this court for a writ of mandamus to compel the circuit judge to reinstate the *capias*.

Several reasons were set forth in Wassell's motion to dismiss but the one principally relied upon was "because the affidavit does not show or set out any cause of action." As a basis for the writ plaintiff filed a declaration counting therein on false imprisonment and abuse of civil process, and supported it by his affidavit which shows in substance:

(*a*) That said Charles R. Wassell caused his arrest on a *capias* with an order for bail in the sum of $2,000

indorsed thereon without any probable cause for so doing; that he did not furnish bail and was in consequence imprisoned for four hours in the county jail.

(*b*) That at the end of the four hours' imprisonment he was taken from the jail and given his liberty on condition that he would leave the county of Muskegon.

(*c*) That subsequently the *capias* and proceedings thereunder were dismissed upon application of Wassell's own attorneys and plaintiff was discharged.

(*d*) Plaintiff further makes it appear that the said Wassell was president of the Columbia Motor Company; that the Columbia Motor Company was endeavoring to acquire the title to a gasoline motor that had been patented by the plaintiff, and that much ill feeling existed between himself and the said Wassell on account of the attempt to acquire said motor. Plaintiff shows, by appropriate allegations, that the said Wassell caused his arrest and imprisonment for the purpose of enabling him the better to get control of said motor and said patents.

The declaration filed sufficiently charges defendant with false imprisonment and with abuse of civil process. When plaintiff shows by his affidavit that he was arrested on a *capias* at the instance of Wassell, that the same was without probable cause upon the part of Wassell and that the proceeding was subsequently voluntarily dismissed, he makes a *prima facie* case of false imprisonment. *Burhans* v. *Sanford,* 19 Wend. (N. Y.) 417.

When plaintiff showed these facts and the further fact that he was given his liberty upon condition that he would go away from the county of Muskegon and remain away, and shows the ill feeling between him and Wassell over the motor and the promotion of it, we are of the opinion that he makes a *prima facie* case of the abuse of civil process. *Paulus* v. *Grobben,* 104

Mich. 42; *Marlatte* v. *Weickgenant*, 147 Mich. 266; *Antcliff* v. *June*, 81 Mich. 477 (10 L. R. A. 621).

We are of the opinion that the trial court was in error in holding the affidavit insufficient. Upon the trial court's attention being called to this opinion the writ of mandamus will issue, if necessary, to reinstate the proceedings. The plaintiff will recover his costs in this court.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.

The late Justice OSTRANDER took no part in this decision.