*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROMEO C. LAGONOY,

       Plaintiff-Appellant,

v

SAMUEL H. GUN, ANGELITA C. HAMILI, and
WILFREDO H. LAGONOY, JR.,

       Defendants-Appellees.

UNPUBLISHED
February 17, 2022

No. 356629
Oakland Circuit Court
LC No. 2019-178733-CZ

Before: K. F. KELLY, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the order of the trial court granting defendants summary disposition of plaintiff's extortion claim under MCR 2.116(C)(10) and of plaintiff's defamation claim under MCR 2.116(C)(8) and (10). We affirm.

## I. FACTS

This case arises from an e-mail sent to plaintiff, attorney Romeo C. Lagonoy, by defendant, attorney Samuel H. Gun, on June 4, 2018. The genesis of the e-mail is a dispute among family members about the conveyance of a house. Wilfredo C. Lagonoy, Sr. and his ex-wife, defendant Angelita C. Hamili, owned a house in Waterford, Michigan as tenants in common. Wilfredo C. and Hamili divorced in 2006, and thereafter allegedly sold the house to Wilfredo C.'s sister, Genoveva Hidalgo, who allegedly paid Wilfredo C. and Hamili $16,000 each. In exchange, Hamili allegedly executed a quitclaim deed granting her interest in the house to Wilfredo C., who then allegedly executed a quitclaim deed granting total interest in the house to Hidalgo. The deeds were not recorded, however, and reportedly thereafter were lost in a fire.

Sometime thereafter, Genoveva asked Hamili to execute a new deed, but Hamili refused. Plaintiff, who apparently is a brother to both Genoveva and Wilfredo C., filed a complaint on Genoveva's behalf against Hamili. Gun apparently represented Hamili in that lawsuit. When Genoveva could not produce evidence of the quitclaim deed, she voluntarily dismissed the case on May 14, 2018.

-1-

Before that action was dismissed, however, on March 28, 2018, Wilfredo C. executed a quitclaim deed granting his interest in the house to his nephew, Gene Renee Hidalgo, the son of Genoveva. The deed was recorded. When Hamili and defendant Wilfredo H. Lagonoy, Jr. (Wilfredo C.'s son) later learned of the March 28, 2018 quitclaim deed, they apparently concluded that plaintiff had coerced Wilfredo C. to sign the quitclaim deed. Gun exchanged e-mails with plaintiff regarding the transaction, including an e-mail sent by Gun to plaintiff on June 4, 2018, which he copied to his assistant, Ellen Smith. The e-mail accused plaintiff of fraud, of forging the deed and surreptitiously filing it, and of misconduct and unethical behavior, and implied that Gun might report plaintiff's behavior to Michigan's Attorney Grievance Commission and the State Bar.

Plaintiff filed this suit against defendants alleging civil extortion and defamation. Wilfredo H. moved for summary disposition under MCR 2.116(C)(8) and (10), with the other defendants concurring. Defendants argued that plaintiff's civil extortion claim failed because he had not demonstrated damages. With respect to the defamation claim, defendants argued in part that plaintiff's claim failed because the e-mail had not been published to a third party. The trial court granted defendants summary disposition under MCR 2.116(C)(10) of plaintiff's civil extortion claim on the basis that plaintiff failed to present evidence to support his allegation of damages. The trial court granted defendants summary disposition under MCR 2.116(C)(8) and (10) of plaintiff's defamation claim on the basis that the statements were not published to a third party. Plaintiff now appeals.

## II. DISCUSSION

### A. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim; summary disposition under MCR 2.116(C)(8) is warranted only when the claim is so unenforceable as a matter of law that no factual development could justify recovery. *Id*. at 159-160. When reviewing a motion for summary disposition under MCR 2.116(C)(8), we consider the motion based on the pleadings alone and accept all factual allegations as true. *Id*. at 160.

By contrast, a motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim; summary disposition under MCR 2.116(C)(10) is warranted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *El-Khalil*, 504 Mich at 160. When reviewing a motion for summary disposition under MCR 2.116(C)(10), we consider the documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

### B. CIVIL EXTORTION

Plaintiff contends that the trial court erred by granting defendants summary disposition under MCR 2.116(C)(10) of his claim of civil extortion on the basis that he failed to demonstrate

damages. Plaintiff argues that he adequately alleged the element of damages and therefore successfully asserted a claim of civil extortion. We disagree that the trial court erred.

Under Michigan law, extortion is prohibited and is deemed a felony. MCL 750.213 provides:

> Any person who shall, either orally or by a written or printed communication, maliciously threaten to accuse another of any crime or offense, or shall orally or by any written or printed communication maliciously threaten an injury to the person or property or mother, father, husband, wife or child of another with intent thereby to extort money or any pecuniary advantage whatever, or with intent to compel the person so threatened to do or refrain from doing any act against his will, shall be guilty of a felony, punishable by imprisonment in the state prison for more than 20 years or by a fine of not more than 10,000 dollars.

Michigan law recognizes the tort of civil extortion based upon the criminal statute prohibiting extortion. *Gardner v Wood*, 429 Mich 290, 301; 414 NW2d 706 (1987) ("[w]here a penal statute is silent concerning whether a violation of its provisions should give rise to a civil remedy, courts will infer a civil remedy for the violation"). Although the elements of extortion are set forth in MCL 750.213, the cause of action for civil extortion also requires proof of the additional element of damages. See *In re Bradley Estate*, 494 Mich 367, 384, 391-392; 835 NW2d 545 (2013) (suggesting that because the purpose of a tort action is to recover damages, damages of necessity is an element of a tort action).

In bringing a tort action, the injured party seeks damages for injury caused by the breach of a legal duty. *Wright v Genesee Co*, 504 Mich 410, 419; 934 NW2d 805 (2019). The remedy sought is compensation from the defendant for injury caused by the defendant's wrongful conduct. *Id*. Generally, tort damages include "the damages that naturally flow from the injury, which may include both economic damages, . . . as well as nonoeconomic damages, such as pain and suffering and mental and emotional distress damages." *Hannay v Dep't of Transp*, 497 Mich 45, 67; 860 NW2d 67 (2014). Our Supreme Court has suggested that in a civil extortion action, the plaintiff may recover any money that was extorted, and when there are aggravating circumstances, also may recover damages in excess of the amount that was extorted. See *Marlatte v Weickgenant*, 147 Mich 266, 275; 110 NW 1061 (1907) (MONTGOMERY, J., dissenting).

In this case, plaintiff's claim of civil extortion does not allege that any money was extorted from him but rather that he is entitled to damages because he suffered mentally and emotionally, and his reputation was ruined by the e-mail. Specifically, with regard to damages plaintiff alleged:

> As a direct and proximate result of defendants' intentional, malicious imputation of [the] crime of fraud, unlawful demands to restore the deed to Wilfredo C. Logonoy and Angelita Hamili under threat of criminal or civil prosecution for fraud and/or for prosecution before the Attorney Grievance Commission, plaintiff was frightened, suffered general damages, plaintiff is/was seriously shamed, ridiculed, disgraced, plaintiff's reputation is/was ruined, plaintiff suffered mental anguish and emotional distress.

Plaintiff argues that he sufficiently pleaded damages by these assertions. The trial court, however, did not dismiss plaintiff's extortion claim under MCR 2.116(C)(8) for failure to state a claim, but rather dismissed the claim under MCR 2.116(C)(10), finding that there was no genuine issue as to any material fact and that defendants were entitled to judgment as a matter of law because plaintiff had failed to submit any admissible evidence to demonstrate that he had suffered the damages alleged in his complaint as a result of the alleged extortion.

Under MCR 2.116(C)(10), summary disposition is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." To avoid summary disposition under MCR 2.116(C)(10), the nonmoving party may not merely rely upon allegations in the pleadings, but must set forth specific facts showing that a genuine issue of material fact exists. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016); see also MCR 2.116(G)(4). Conclusory statements do not suffice to create a genuine issue of material fact. *Rose v Nat'l Auction Group*, 466 Mich 453, 470; 646 NW2d 455 (2002).

Here, plaintiff alleged that he suffered damages as a result of defendants' alleged extortion. The party asserting the claim has the burden of proving damages with reasonable certainty. *Unibar Maintenance Servs, Inc v Saigh*, 283 Mich App 609, 634; 769 NW2d 911 (2009). When plaintiff's civil extortion claim was challenged by defendants' motion under MCR 2.116(C)(10), plaintiff was required to respond by setting forth specific facts demonstrating that a genuine issue of material fact existed on the issue of damages. Because plaintiff failed to do so, the trial court did not err by granting defendants summary disposition with respect to plaintiff's civil extortion claim.

## C. DEFAMATION

Plaintiff contends that the trial court erred by granting defendants summary disposition of his defamation claim under MCR 2.116(C)(8) and (10), finding that the statements had not been published to a third party. We disagree.

To establish a prima facie case of defamation, the plaintiff must demonstrate (1) that the defendant made a false and defamatory statement concerning the plaintiff, (2) the statement was not privileged and was published to a third party, (3) fault that was at least negligence, and (4) either actionability of the statement without special harm or special harm caused by the publication. *Redmond v Heller*, 332 Mich 415, 439-440; 957 NW2d 357 (2020).

In this case, the trial court found that plaintiff had not demonstrated that the e-mail was published to a third person. Plaintiff argues that the statements in the e-mail were published to a third party, Gun's assistant, Ellen Smith, and that the statements were not privileged. The determination whether privilege exists in a defamation case is a question of law for the trial court, *Prysak v RL Polk Co*, 193 Mich App 1, 14-15; 483 NW2d 629 (1992), which we review de novo. *Eddington v Torrez*, 311 Mich App 198, 199; 874 NW2d 394 (2015).

"The elements of qualified privilege are (1) good faith, (2) an interest to be upheld, (3) a statement limited in its scope to this purpose, (4) a proper occasion, and (5) publication in a proper manner and to proper parties only." *Prysak*, 193 Mich App at 15. A plaintiff overcomes qualified privilege only by demonstrating actual malice. *Id*. A qualified privilege exists for any

-4-

communication regarding "any subject-matter in which the party communicating has an interest, or in reference to which he has a duty to a person having a corresponding interest or duty." *Timmis v Bennett*, 352 Mich 355, 366; 89 NW2d 748 (1958) (quotation marks and citation omitted).

In this case, qualified privilege existed for communication of the e-mail between Gun and his legal assistant. See *Petersen Fin LLC v Twin Creeks, LLC*, 318 Mich App 48, 53; 896 NW2d 63 (2016) (publication of allegedly defamatory statement to the plaintiff's agent was equivalent of publication to the plaintiff itself, and therefore did not satisfy the publication requirement). Gun and his legal assistant had a common interest in the proper resolution of the dispute. Upon learning of Wilfredo C.'s conveyance of his interest in the house at the same time that the parties were concluding the previous lawsuit, Gun sent plaintiff what was essentially a demand letter on behalf of his clients, and copied his legal assistant. Such a transaction, i.e., an attorney involving his or her legal assistant in correspondence on behalf of clients,[1] is within the common interest of the proper resolution of the dispute shared by Gun, his assistant, and his clients. Accordingly, plaintiff did not offer evidence of an unprivileged communication of the e-mail to a third party. The trial court therefore did not err by granting defendants summary disposition of plaintiff's defamation claim.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer
/s/ Michael F. Gadola

---

[1] Had the matter occurred in the not so distant past, before the advent of e-mail, the letter undoubtedly would have been typed by the legal assistant before being mailed to plaintiff.