## DAVIS *v.* McMILLAN.

1. MALICIOUS PROSECUTION—DAMAGES—EXCESSIVENESS.

    An award of $4,000 principally for injury to feelings by the malicious prosecution of an accusation of obtaining property by false pretenses is excessive where, though the pretense was not made as charged, plaintiff secured and retains upwards of $2,000 worth of property by inducing defendant to believe a falsehood.

2. SAME—DEFENSES—ADVICE OF COUNSEL.

    Advice of counsel is not a defense to an action for malicious prosecution where the fact stated to counsel was that plaintiff stated to defendant that A. had agreed to a certain proposal where the proof showed plaintiff's statement to be that plaintiff's brother had told plaintiff that A. had agreed to the proposal.

3. SAME—BURDEN OF PROOF—PROBABLE CAUSE.

    The burden of proving want of probable cause in malicious prosecution cases is upon the plaintiff.

4. SAME—EVIDENCE—WEIGHT AND SUFFICIENCY.

    The discharge of one accused of crime has not, of itself, any tendency to show want of probable cause for instituting the prosecution.

5. SAME—QUESTION FOR JURY.

    Where plaintiff in malicious prosecution shows the arrest and discharge, defendant's failure to accurately state the pretense to counsel, and the relations theretofore sustained by the parties, the question of probable cause is for the jury, depending on whether an ordinarily fair and careful business man would be likely to believe in plaintiff's guilt.

6. SAME—ELEMENTS OF CAUSE OF ACTION—MALICE—PROOF.

    Proof of malice, as well as want of probable cause, is essential to a cause of action for malicious prosecution; malice, however, may be deducible from the facts and circumstances surrounding the transaction and is inferable from want of probable cause.

7. SAME—JOINT DEFENDANTS—SUFFICIENCY OF EVIDENCE.

    Where two witnesses testify that one of the defendants in malicious prosecution urged the other to cause the arrest, his

connection with the transaction is for the jury though the
acts testified to occurred after the complaint was made, but
before the arrest and subsequent proceedings.

8. SAVING QUESTIONS FOR REVIEW — INSTRUCTIONS—NECESSITY OF
REQUEST.

The omission of a trial judge to charge the jury upon a point to
which his attention was not called cannot, in a civil case, be
assigned as error. *Peterson* v. *Toner*, 80 Mich. 350.

Error to Wayne; Brooke, J. Submitted November 8,
1905. (Docket No. 104.) Decided December 22, 1905.

Case by Mark George Davis against Neil McMillan and
Michael McMillan for malicious prosecution. There was
judgment for plaintiff, and defendants bring error. Re-
versed.

*Dwight C. Rexford*, for appellants.

*James C. Smith* (*Otto Kirchner*, of counsel), for ap-
pellee.

HOOKER, J. The plaintiff's declaration charges a ma-
licious prosecution. Upon the trial of the cause he recov-
ered a verdict of $4,000 damages. Judgment followed,
and the defendants have appealed.

The action is based upon plaintiff's arrest on a charge
of false pretenses, wherein it was claimed that he had
falsely represented to Michael McMillan, secretary, that
Kirby, president of the Detroit Boat Works, had author-
ized plaintiff's brother to take certain tools and stock of
said boat works away, thereby obtaining the same with
intent to cheat and defraud. Upon the examination the
pretense proven was, not that Kirby had told plaintiff's
brother to take the articles, but that plaintiff's brother
had told plaintiff that Kirby had given such permission.
Being unable to show that plaintiff's brother had not so
told plaintiff, the prosecuting attorney advised plaintiff's
discharge, which the justice ordered. There was appar-
ently no dispute that the property was obtained by this

representation and removed from the State; and it is proved, and not disputed by evidence, that Kirby did not give such permission, and it is a case where apparently the plaintiff has, by (unintentionally or otherwise) leading McMillan to believe an untruth, obtained and keeps valuable property worth upwards of $2,000 not belonging to him, and has also recovered a verdict and judgment for $4,000 and costs by way of damages for a malicious prosecution. A former verdict for $2,800 was set aside upon two grounds, one of which was that the damages were excessive. A motion for a similar order upon the same grounds was denied after this trial; the court stating that he was not prepared to say that the verdict was one to shock the judicial conscience. In this we do not concur. There was evidence in the case that the complaint was made upon the advice of counsel, and with the approval of the public magistrate. It is true that the pretense as stated to counsel, and alleged in the complaint and warrant, was not technically correct, perhaps it should be said not substantially correct, yet the fact remains that, so far as this record shows, it justifies the belief that the plaintiff secured property by leading the defendant Michael McMillan to believe a falsehood, and that while asserting innocence he is retaining the fruits of his representation. Hence, though technically the prosecution for the particular pretense may have been without probable cause, it is inferable that there was a substantial reason for believing that the plaintiff had unjustly and deceitfully obtained the property with intent to cheat and defraud. Under these circumstances the liberality of the jury is remarkable, especially as most of the damages must have been for mortification and wounded feelings. This liberality may perhaps be accounted for, in a measure at least, by the fact that this was a second trial, and the proneness of juries to make such fact an element of damages (which they have no right to do) and, second, to the conduct of the case.

Was there a question for the jury in the matter of prob-

able cause ?   Defendants' counsel say that there was not, for the reason that they acted upon the advice of counsel, which is a complete justification.   To make such a complete defense, it is necessary that the advice be sought and acted upon in good faith, and that a full disclosure of all material facts be made to counsel.   In this case the point is made that defendants did not state truly, fully, and accurately the pretense that was made.   The pretense actually made was that plaintiff's brother told him that Kirby had assented to the project.   That stated to counsel was that plaintiff had stated that Kirby had done so.   To justify the conclusion that the latter statement was false, it was sufficient to show that Kirby did not assent, but that showing would not necessarily indicate that the former representation was false, and the court could not therefore properly say that counsel's advice was based upon a full and accurate statement of the material facts, although satisfied that the omission or misstatement was an innocent and unintentional one, and notwithstanding a conviction that the plaintiff's act was criminal in fact.   It was, therefore, not the duty of the court to take the case from the jury upon that ground in defendants' favor.   It does not necessarily follow from this alone that the court should not have directed the jury to find a verdict for the defendants.

The burden of proving want of probable cause in malicious prosecution cases is upon the plaintiff.   Hence it is ordinarily necessary for the plaintiff to show circumstances from which it may be legitimately inferable. The gist of the offense charged in this instance was that the plaintiff by falsely and deceitfully causing defendants to believe that Kirby had authorized or consented to the removal of this property, which they had no other right to remove, fraudulently obtained the same with intent to cheat and defraud the Detroit Boat Works.   If it can be said that the facts reasonably justified the defendants in the honest belief that the plaintiff had committed the offense of obtaining said property by a false and deceitful

statement of his authority, they cannot be said to have made the complaint without probable cause, and this would be so notwithstanding the fact that the papers when drawn did not accurately state the pretense, and the further fact that the failure to correctly set up the pretense was or may have been due to Michael McMillan's inaccuracy of statement. It has been frequently held that an acquittal does not necessarily show want of probable cause. It is doubtful if the converse has ever been held; for, if it were, it would seldom be safe to institute criminal proceedings, as conviction must always be an uncertainty under the rule of reasonable doubt, and the proceeding, being for the avowed purpose of ascertaining whether a person is guilty or not, necessarily implies a degree of uncertainty in the institution of the proceedings. In 19 Am. & Eng. Enc. Law (2d Ed.), p. 665, the author of the subject states that some cases hold that acquittal is not alone prima facie or per se sufficient evidence of want of probable cause, and expresses the opinion that the better doctrine is that it is (alone) no evidence whatever of want of probable cause.

We have two cases from which it may have been inferred that the Michigan rule is that a discharge by the magistrate is prima facie proof of want of probable cause, but neither of them is conclusive of the point. In *Perry v. Sulier*, 92 Mich. 75, Mr. Justice GRANT said:

"The fact of discharge upon the examination is not of itself conclusive evidence of want of probable cause."

In *Rankin v. Crane*, 104 Mich. 6, he again stated:

"A prima facie case may be made by showing a plaintiff's discharge, but it is not conclusive."

There was no occasion to determine whether the discharge was prima facie evidence and the gist of the holding was that it was not only not conclusive; but that even if it were prima facie evidence that the evidence conclusively showed the want of probable cause, and it is therefore at least open to doubt, if the court intended to

do more than imply a possibility that it might be the rule without denying it.   While it is pretty generally held that acquittal upon the merits is not evidence of probable cause, the court would doubtless have discussed the cases upon the subject, had it been considered a crucial question in the case.   We are therefore warranted in considering it an open question. [ There is some inharmony in the decisions elsewhere as to whether a discharge by an examining magistrate is prima facie evidence of a want of probable cause; a distinction being drawn between the two upon the ground that the question of probable cause is the very question to be determined by the magistrate, while the decision in the *trial court* does not turn on that question. That is suggested by the West Virginia court in the case of *Vinal* v. *Core & Compton*, 18 W. Va. 42.   It is there recognized to be but slight evidence, and the rule seems to have been approved upon the somewhat doubtful ground that it is incumbent on the plaintiff to prove a negative. A more rational rule is that an act, not that of the defendant, cannot be evidence to bind him.   He is not a party to the criminal proceeding, can offer no evidence to influence the magisterial conclusion or decision, and the rule laid down in the case of *Apgar* v. *Woolston*, 43 N. J. Law, 61, commends itself to us, viz., that a discharge not brought about by the procurement of the defendant, nor attended by circumstances involving the conduct of the defendant which of themselves indicate a want of probable cause, is no evidence of a want of probable cause.   Even in such instances it is obvious that it is the attendant circumstances, rather than the fact of the discharge, that tend to prove the point.   Of course, the fact of discharge is admissible for another purpose, viz., to show the termination of the prosecution, which is usually a necessary condition precedent to a suit for malicious prosecution.   *Brand* v. *Hinchman*, 68 Mich. 590; *Phillips* v. *Village of Kalamazoo*, 53 Mich. 33.   We think it can safely be said that the weight of authority denies the rule that discharge by a magistrate upon request of the prosecuting attorney is prima facie evidence of want of probable cause.

The case upon which the contrary doctrine appears to rest is *Nicholson* v. *Coghill*, 6 Dowl. & R. 13, 14, 4 Barn. & C. 21-24, decided in the King's Bench in the time of George IV, A. D. 1825, in which Holroyd, J., makes the statement as supporting his view in that case:

" It has been long held in actions for malicious prosecutions that evidence of the grand jury, having thrown out the bill, justifies the inference of the want of probable cause, and that it is for the prosecutor to rebut that inference by contrary proof on his part."

No such point was involved, for the reason that the suit was based upon a civil action, which was voluntarily withdrawn by the prosecutor, who had absolute control of the matter, thus bringing the case within the exception mentioned in the New Jersey case hereinbefore cited. Moreover, the decision was not unanimous. Two early American cases are supposed to have followed the *Nicholson Case*. These are *Secor* v. *Babcock*, 2 Johns. (N. Y.) 203, which, when examined, will be found to fall short of stating such a principle, and the case of *Johnston* v. *Martin*, 3 Murph. (N. C.) 248. There it is said:

"Whether there be probable cause for the prosecution must *depend on all the circumstances* of the case, but that which indicates its absence most strongly is the discharge by the magistrates, after a full and fair examination of the evidence."

Thus a discharge upon a hearing of the merits is apparently given much greater effect than that of prima facie evidence, a doctrine that is believed to be generally disapproved today. These two cases seem to have "blazed a trail" for others to follow. Thus in 1829 the supreme court of Tennessee followed the Carolina case, citing no other authority. *Williams* v. *Norwood*, 2 Yerg. (Tenn.) 329. In 1881 the case of *Vinal* v. *Core & Compton* was decided. This case rests upon the *Nicholson Case*, the Carolina case reinforced by three later Carolina cases, viz., *Plummer* v. *Gheen*, 3 Hawks (N. C.), 66; *Bostick* v. *Rutherford*, 4 Hawks (N. C.), 83, 87, and *Johnson* v.

*Chambers*, 32 N. C. 287, and the case from Tennessee above stated.

It is noticeable that in *Bostick* v. *Rutherford* the correctness of the doctrine of the earlier cases was questioned; Hall, J., saying: "I am not disposed to disturb the case of *Johnston* v. *Martin*." It was questioned later by the same court, which said of it:

"The correctness of this position is questionable, the innocence of the plaintiff does not prove the absence of probable cause, and the decision conflicts with English authorities, as appears from *Purcell* v. *Macnamara*, 9 East, 361." *McRae* v. *Oneal*, 2 Dev. Law (N. C.), 169.

This was severe treatment by the court which made the decision. On the other hand, a case in Massachusetts decided in 1831 lays down the following:

" *The want of probable cause* is the *essential ground* of this action. Other things may be inferred from this; but this cannot be inferred from anything else. It must be established by positive and express proof. It is not enough to show that the plaintiff was acquitted of the charge preferred against him, or that the defendant abandoned the prosecution. But the onus probandi is upon the plaintiff to prove affirmatively, by circumstances or otherwise, as he may be able, that the defendant had no ground for commencing the prosecution. See the above citations; also *Purcell* v. *Macnamara*, 1 Campb. 199, 9 East, 361; *Sykes* v. *Dunbar*, 1 Campb. 202, note; *Incledon* v. *Berry*, 1 Campb. 203, note; *Wallis* v. *Alpine*, 1 Campb. 204, note; *Shock* v. *McChesney*, 4 Yeates (Pa.), 507." *Stone* v. *Crocker*, 24 Pick. (Mass.) 84.

The case of *Apgar* v. *Woolston*, 43 N. J. Law, 62, has been cited. It is there said:

"In the treatises on evidence the rule is laid down without qualification that, in order to show that the criminal prosecution was groundless and without probable cause, it is not sufficient to show that the bill being preferred was thrown out by the grand jury. 2 Starkie on Evidence, 494; 3 Phillipps on Evidence, 571; 2 Greenleaf on Evidence, § 455. In *Nicholson* v. *Coghill*, 4 Barn. & C. 21, Holroyd, J., is reported to have said that *it had*

*been held* that evidence of the bill having been thrown out by the grand jury is sufficient to warrant an inference of the absence of probable cause. This remark was made in an action for a malicious arrest in a civil suit, where the defendant was himself an actor in discontinuing the action, and which was expressly distinguished by Abbott, C. J., on that circumstance, from cases where the prosecution was on a criminal charge. I have not been able to find any case in the English courts in which such a decision was made, or in which any observation to that effect was made by any other English judge. I am aware that there are cases in the courts of this country entitled to the greatest respect in which it has been held that the failure of the grand jury to indict is prima facie evidence of the want of probable cause. But there are also decisions of the courts of our sister States, entitled to equal respect, holding the contrary; and I think the doctrine laid down by Starkie, Phillipps, and Greenleaf is founded on sound principles of law, and is consistent with public policy."

In the case of *Israel* v. *Brooks*, 23 Ill. 577, Breese, J., said of a charge:

" As the onus of proving a negative—the absence of probable cause—is thrown upon the plaintiff, slight evidence will usually suffice for such purpose. But the evidence of an uniform good character up to the time of the charge is something more than slight evidence, and the plaintiff should have the benefit of it. If known to the prosecutor, what single fact is better calculated to weaken a belief, he being a prudent and cautious man, in the guilt of the suspected party ? On the other hand, his bad character may be shown by the defense, as good ground for augmenting a suspicion against him. We know, in no actions save criminal prosecutions and actions for defamation, can the character of the party, as a general rule, be inquired into, but in such a case as this, there seems to be great propriety in permitting it, for the reasons here given.

" We do not consider it necessary to pass upon all the instructions given by the court for the plaintiff, or refused, as asked by the defendant. Those on the part of the plaintiff, with some inaccuracies in their frame, stated the law. The second instruction did not state the law, and, in our judgment, announces a principle of the most dangerous character. It is this:

" 'That the discharge of the plaintiff by the examining magistrate, is prima facie evidence of the want of probable cause, and sufficient to throw upon the defendant the burden of proving the contrary.'

" As stated on the argument, this instruction is copied verbatim from 2 Greenleaf on Evidence, § 455. He cites *Secor* v. *Babcock*, 2 Johns. (N. Y.) 203. That case decides no such principle. It is a per curiam opinion, and is as follows:

" 'The justice had power, on examination of a charge of *suspicion of felony*, or of having stolen goods, to dismiss the plaintiff below, if he was satisfied there was no ground for the suspicion. The acquittal was lawful, and there was sufficient ground for a suit for a malicious prosecution. The judgment below must be affirmed.'

" The court does not presume to say that by the discharge of the accused, by the examining magistrate, a sufficient ground for a malicious prosecution was established as showing a want of probable cause. The court does not say that by reason of the discharge a want of probable cause is to be inferred, nor anything like it. Greenleaf also refers to *Johnston* v. *Martin*, 3 Murph. (N. C.) 248, and *Bostick* v. *Rutherford*, 4 Hawks (N. C.), 83, where the doctrine is there distinctly stated in the language of this instruction. No authority or good reasoning is adduced to support it, and these cases stand alone, justifying such a principle.

" To what does it amount? Why, to this,— that every man who appears before a magistrate to give information of a criminal offense incurs the hazard of a prosecution against himself, should the magistrate happen to be ignorant, prejudiced, or corrupt. How many magistrates are there in obscure localities who are as little capable of determining what is probable cause for a criminal accusation as they are of explaining any of the phenomena of nature? How many do we find prejudiced against a public accuser, how many in sympathy with the accused? The decisions of such an official, on intricate questions of law or fact, should not weigh against the accused, and they do not practically; for, if he is committed, the grand jury pay no attention to the finding of the magistrate. It is not prima facie evidence of his guilt, and how preposterous it is to say the discharge of the criminal is prima facie evidence of want of probable cause. It is not so, and should never be so regarded. The fact may go to the jury that he was discharged by the magistrate, but no such

inference unfavorable to the accuser should be drawn from it."

See, also, *Thorpe* v. *Balliett*, 25 Ill. 339.

In *Thompson* v. *Rubber Co.*, 56 Conn. 499, the court said of the three essentials:

" The acquittal of the plaintiff proves the first [i. e., discharge of the plaintiff], but it has no tendency to prove the second or third [i. e., want of probable cause or malice]."

In *Heldt* v. *Webster*, 60 Tex. 207, the following charge was held to be erroneous:

" ' If the plaintiff was discharged from the prosecution by the examining magistrate who examined the case, then the presumption of law is that there was no probable cause; but, if the evidence further shows that the defendant had reasonable cause to believe, and did believe, that the facts stated in the complaint were true, then he would have such probable cause as the law contemplated,' because (1) the discharge of the defendant in a criminal prosecution does not raise a presumption of probable cause."

See, also, *Flickinger* v. *Wagner*, 46 Md. 582. In *Barbour* v. *Gettings*, 26 U. C. Q. B. 544, the court held:

" In an action for malicious prosecution, want of reasonable and probable cause must be shown by the plaintiff. Slight evidence may be sufficient, for it is the proof of a negative, but there must be some proof; and in this case where it was shown only that the defendant laid the information on which the plaintiff was arrested, and that the magistrates after hearing the parties dismissed the charge "—and that a verdict was properly directed for defendant.

In *Cole* v. *Curtis*, 16 Minn. 184, it was held:

" Where, in a preliminary examination upon a criminal charge before a magistrate, witnesses for the defense (including the defendant himself) may be examined, if the facts upon which the prosecution is founded are not within the personal knowledge of the prosecutor, the discharge of the accused upon the hearing by the magistrate is not prima facie evidence of want of probable cause in an action by the accused against the prosecutor for a malicious prosecution."

142 MICH.—26.

Our own case of *Wakeley* v. *Johnson*, 115 Mich. 285, is analogous, but the question there is not identical with that in the present case. It follows that we must hold that the court erred in modifying defendant's request that a dismissal at the request of the prosecuting attorney is not sufficient evidence of want of probable cause, by adding, at the suggestion of plaintiff's counsel, the following:

" *Mr. Kirchner:* Standing by itself it is sufficient. Your honor means it is not conclusive.

" *The Court:* It is not conclusive evidence of want of probable cause—the fact that it was dismissed.

" *Mr. Kirchner:* That is all right."

We feel warranted in saying that the discharge of the defendant in this case has not in itself any tendency to show a want of probable cause, but we are also of the opinion that it was proper to submit to the jury the question of probable cause. The only proof that the plaintiff offered to show want of probable cause was the fact of the arrest and discharge, the failure to accurately state the pretense, and the relations theretofore sustained by the parties. If from these the jury might conclude that an ordinarily fair and careful business man would be likely to believe in plaintiff's guilt, they should find probable cause and acquit the defendants. But that is essentially a question for the jury where there is room for two opinions; and there may be here. Therefore the court could not properly take the cause from the jury upon the ground that want of probable cause had not been shown. Want of probable cause alone is not sufficient to base a verdict upon. Proof of malice is also essential. That, too, may be deducible from the facts and circumstances surrounding the transaction, and is inferable from absence of probable cause.

It is said by counsel:

" Plaintiff and the court apparently relied on the dismissal of the complaint for evidence of want of probable

cause.   As it did not tend to prove it, there was no evi-
dence of want of probable cause."

We have already expressed the opinion that there was
other evidence pertinent to the question, and we think
that the court's charge is not open to the above criticism.

It is contended that there was no evidence upon which
Neil McMillan could lawfully be convicted.   We think
otherwise.   Two witnesses testify that he urged his
brother to cause the arrest; and, although counsel say
that this occurred after the complaint was made, it was
before the arrest and subsequent proceedings.   His con-
nection with the transaction was a question for the jury,
and we think there was testimony from which it might be
inferred.

Counsel complain that the court failed to sufficiently in-
struct the jury as to the facts which would justify a find-
ing of want of probable cause.   This should have been
called to the attention of the trial court.   See *Peterson* v.
*Toner*, 80 Mich. 357.   We find it unnecessary to make
the decision turn upon this question, however.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and McALVAY, MONTGOMERY, and
OSTRANDER, JJ., concurred.