NASH *v.* MAYNE.

1. Insane Persons—Institution of Proceedings for Commitment —Physicians.

A physician, unrelated to a patient, is not such a person as could institute proceedings to have the patient committed as an insane person (CL 1948, § 330.21).

2. Same—Temporary Detention—Physicians' Certificates.

It is necessary that there be on file in the probate court the certificates of 2 physicians certifying that it is necessary to detain temporarily an alleged insane person (CL 1948, § 330.21).

3. Same—Temporary Detention—Physicians' Certificates.

Probate court order of temporary detention of plaintiff as an alleged insane person was not in compliance with the statute, where based on the certificate of 1 physician only, since the statute requires there be certificates by 2 physicians (CL 1948, § 330.21).

4. Torts—Proximate Cause.

It must appear that the injury to plaintiff was the natural and probable consequence of the negligence or wrongful act of the defendant and that it ought to have been foreseen, in the light of the attending circumstances, in order to constitute proximate cause.

---

References for Points in Headnotes

[1] 28 Am Jur, Insane and Incompetent Persons § 12.
[2] 28 Am Jur, Insane and Incompetent Persons § 31.
[3, 5] 28 Am Jur, Insane and Incompetent Persons § 41.
[4] 38 Am Jur, Negligence § 51; 52 Am Jur, Torts § 30.
[6] 34 Am Jur, Malicious Prosecution § 22.

5. INSANE PERSONS—TEMPORARY DETENTION—PROXIMATE CAUSE.
   Defendant physician could not be and was not the proximate
   cause of plaintiff woman's temporary detention as an alleged
   insane person, where her father had signed a petition for her
   commitment, defendant made a written statement that in his
   opinion she should be hospitalized for mental treatment and,
   without a certificate by another physician, plaintiff was ordered
   detained by the acting probate judge, since defendant could
   not institute the proceedings and was entitled to rely upon the
   process of the probate court to be regular and proper; her con-
   finement not being reasonably foreseeable by defendant under
   the circumstances and his writing not being the proximate
   cause of her confinement (CL 1948, § 330.21).

6. MALICIOUS PROSECUTION—PHYSICIANS—DIRECTED VERDICT—PROX-
   IMATE CAUSE.
   Defendant physician's motion for directed verdict in woman's
   action for malicious prosecution, made at close of plaintiff's
   case, should have been granted, where it appears he was not
   and could not have been the proximate cause of her detention
   as an alleged insane person (CL 1948, § 330.21).

Appeal from Saginaw; O'Neill (James E.), J.
Submitted June 8, 1954. (Docket No. 8, Calendar
No. 45,921.) Decided September 8, 1954.

Case by Florence Nash against Harold E. Mayne
for malicious prosecution resulting from profes-
sional opinion expressed upon instigation of probate
court proceedings to determine mental condition.
Verdict and judgment for plaintiff. Defendant ap-
peals. Reversed.

*Albert A. Smith* and *Ralph M. Freeman,* for plain-
tiff.

*Humphreys Springstun* and *Springstun, Matheny
& Schureman* (*E. Monroe Stanton* and *Stanton,
Montgomery, MacKenzie & Cartwright,* of counsel),
for defendant.

SHARPE, J. This is an action of trespass on the case for malicious prosecution. The essential facts are not in dispute. Defendant, Harold E. Mayne, is a resident of Saginaw county, and has known plaintiff, Florence Nash, and her family from his childhood in Illinois. Defendant also knew and was friendly with plaintiff's husband and her children, and upon occasion had acted as physician to various members of the family. Defendant was employed as a plant physician by the Saginaw Malleable Iron plant of the Central Foundry Division of the General Motors Corporation from 1940 to 1949. Plaintiff's father, husband, brother Myron, and her son Richard were all employed at the same plant during all or part of the above period.

During a period in 1947 plaintiff's father, Frank Booth, informed defendant that plaintiff told him that everyone was against her, and that plaintiff had threatened suicide. He also told defendant that he kept his doors locked in fear of what plaintiff might do to his wife, and that plaintiff had attacked her sister Hazel, and had fought her father and husband when they interfered. Plaintiff's husband, father, and her brother Myron, having discussed the desirability of having plaintiff submit to a mental examination, called on defendant for advice. Defendant advised them that they should discuss this matter with the probate court. Plaintiff's father signed a petition to have plaintiff committed for examination. The petition was prepared by the registrar of the probate court, and Myron Booth requested that defendant be allowed to be one of the examining physicians, as required by statute. The registrar of said court telephoned defendant and requested that he act as an examiner. Defendant refused to so act, and the acting judge of probate court called defendant and asked him his reason for refusing to act as an examining physician. The judge

then asked defendant if, in his opinion, plaintiff should be hospitalized for mental treatment, and defendant replied that this was his opinion. At the request of the judge, defendant wrote:

"9/25/47. In my opinion Mrs. Florence Nash should be hospitalized for mental treatment. /s/ HAROLD E. MAYNE, M. D."

Upon receipt of the above, the probate court issued an order for a hearing to determine plaintiff's mental condition, which order directed that the sheriff of Saginaw county take Mrs. Nash into custody 24 hours prior to such hearing. Plaintiff was taken into custody and kept in the Saginaw county jail for a period of approximately 33 hours. She was released after being examined by 4 doctors, 3 of whom certified that plaintiff was sane.

On October 9, 1947, plaintiff executed a release of all her claims against Frank Booth, arising out of her apprehension, custody and detention, and his signing the petition to have plaintiff committed, for the sum of $105.

On July 20, 1948, plaintiff commenced the present action against defendant. The amended declaration filed October 28, 1948, contained the following:

"That on or about the 25th day of September, 1947, the defendant did cause to be instituted certain proceedings against the plaintiff in the probate court of Saginaw county, to-wit: a certain petition signed by Frank S. Booth, father of the plaintiff, wherein and whereby the said Frank S. Booth, at the behest of the defendant, Harold E. Mayne, did charge and accuse the plaintiff of being insane and in need of treatment at the Traverse City State Hospital; that said petition as signed and executed and filed by the said Frank S. Booth in the probate court on September 25, 1947, was based upon a written statement by the defendant that 'in my opinion Mrs.

Florence Nash should be hospitalized for mental treatment,' as will appear in the files and records of the probate court for Saginaw county, Michigan.
\* \* \*

"That as a result of said proceedings, and charges, and accusations of the defendant, the plaintiff, on September 25, 1947, was ordered committed to the Saginaw county jail without examination and contrary to the statutes of the State of Michigan, and remained in custody of the sheriff's department of the county of Saginaw and confined to the county jail until later released by order of the probate court.

"That the said proceedings and the charges and accusations of the defendant were malicious and without probable cause \* \* \* and \* \* \* on or about the 8th day of October, 1947, the plaintiff was, by said court, adjudged as being of sound mind and not insane or otherwise mentally incompetent and not in need of treatment at the Traverse City State Hospital.

"That as a result of said malicious prosecution by the defendant, this plaintiff was required to expend large sums of money for her defense and that as further result of such malicious prosecution by the defendant, the plaintiff was caused great shame and disgrace, the loss of friendship of many of her friends, the loss of endearment by members of her family, and was caused and is still caused great mental anguish to the damage of this plaintiff $100,-000, for which she demands judgment and costs."

Defendant appeared specially and moved that the cause be dismissed on the grounds of the release of Frank Booth. This motion was denied. The cause came on for trial before a jury, and at the close of plaintiff's case defendant moved for a directed verdict. This motion was taken under advisement by the trial judge, under and by the authority of the Empson act,\* and subsequently denied. The

_____
\* CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1953 Cum Supp § 27.1461 *et seq.*).—REPORTER.

cause was submitted to the jury, and the jury returned a verdict in favor of plaintiff.

After verdict, defendant moved for judgment notwithstanding the verdict on the grounds that the release given to Frank Booth also released defendant; that the declaration did not state a cause of action in malicious prosecution; and that the proofs offered by plaintiff did not make out a prima facie case, either as a matter of fact or as a matter of law. This motion was also denied. On June 28, 1951, defendant moved for a new trial for the following reasons:

"That the action of the probate court in this matter is a bar to this action.

"That the release by plaintiff of Frank Booth is a bar to this action.

"That no proof whatever of actual, constructive or implied malice was presented by the testimony, either directly or by proper inference.	*	*	*

"That no competent proof by plaintiff of any unlawful or malicious act by defendant was offered or produced upon which verdict herein could properly be based.

"That no competent proof by plaintiff was offered or produced to show that defendant 'for vexation and trouble or maliciously' did cause or procure plaintiff to be arrested, attached or proceeded against.

"That no competent proof was offered or produced by plaintiff to show that defendant did not have probable cause to believe honestly and sincerely that plaintiff should be hospitalized for mental treatment, and that there was no proof whatever that this was not his honest and sincere professional opinion, properly arrived at, upon the basis of the information submitted to him by plaintiff's next of kin."

This motion was denied. Defendant appeals and urges that defendant's action in the cause was not the proximate cause of plaintiff's injury and dam-.

age. The petition filed in the probate court, upon which an order was entered directing the sheriff to hold Florence Nash, an alleged insane person, was signed by virtue of CL 1948, § 330.21 (Stat Ann § 14.811), since amended by PA 1952, No 148 (CLS 1952, § 330.21, Stat Ann 1953 Cum Supp § 14.811). Under the above statute defendant is not such a person who could institute proceedings to have plaintiff committed as an insane person. The act provides:

"Pending such proceedings for admission into the proper home, hospital or institution, if it shall appear, upon the certificate of 2 legally qualified physicians, to be necessary and essential so to do, the court may order such alleged mentally diseased person to be placed in the custody of some suitable person, or to be removed to any hospital, home or retreat, to be detained until such petition can be heard and determined."

Under the above act an order for temporary detention can only be made after the court has on file the certificates of 2 physicians certifying that it is necessary to temporarily detain the alleged insane person. In the case at bar there is no record that such certificates were on file prior to the detention of plaintiff. It follows that the order of detention was not in compliance with the statute. In *Luck* v. *Gregory,* 257 Mich 562, 569, we said:

"In order to constitute proximate cause, it must appear the injury to plaintiff was the natural and probable consequence of the negligence or wrongful act of the defendant, and that it ought to have been foreseen, in the light of the attending circumstances."

In our opinion the detention and confinement of plaintiff was not the natural and probable result of defendant's act in signing the paper heretofore mentioned. Defendant could not foresee or have any rea-

son to expect that the acting probate judge would issue an order contrary to the statute. Defendant had the right to rely upon the process of the probate court to be regular and proper. The confinement of plaintiff could not have been reasonably foreseen by defendant. It follows that the writing of defendant could not be and was not the proximate cause of plaintiff's injury. It also follows that the motion for a directed verdict made by defendant at the close of plaintiff's case should have been granted. In view of our conclusion on this issue, other issues raised by defendant need not be discussed.

The judgment is reversed without a new trial. Defendant may recover costs.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.