ROWBOTHAM v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

1. JUDGMENT—SUMMARY JUDGMENT—NOVEL THEORY.

   A plaintiff should not be barred from court by a summary
   judgment order merely because his claim is based on a new or
   novel theory.

2. PROCESS—ABUSE OF PROCESS—ELEMENTS.

   The elements of an action for abuse of process are the existence
   of an ulterior purpose and an act in the use of the process not
   proper in the regular conduct or prosecution of the proceedings;
   it is the wilful use of a valid process to obtain a result the law
   did not intend.

3. PROCESS—ABUSE OF PROCESS—LEGITIMATE PROCESS.

   The tort of abuse of process cannot exist where process cannot be
   issued for any purpose, because there is no legitimate process
   to be abused.

4. MALICIOUS PROSECUTION—TORTS—ELEMENTS OF TORT.

   The traditional elements of the tort of malicious prosecution are:
   (1) a criminal proceeding instituted or continued by the defend-
   ant against the plaintiff, (2) termination of the proceeding in
   favor of the accused, (3) absence of probable cause for the
   proceeding, and (4) malice, or a primary purpose other than
   that of bringing an offender to justice; this tort has been
   expanded in Michigan to include malicious civil proceedings as
   well as criminal.

5. MALICIOUS PROSECUTION—AUTOMOBILES—OPERATOR'S LICENSE—LE-
   GALLY PROTECTED INTERESTS.

   A proceeding maliciously instituted to deprive a person of his
   automobile operator's license can qualify as a proceeding war-

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 4 *et seq.*
[2, 3] 1 Am Jur 2d, Abuse of Process §§ 4–7.
[4] 52 Am Jur 2d, Malicious Prosecution § 6 *et seq.*
[5] 52 Am Jur 2d, Malicious Prosecution § 19.
[6, 7] 52 Am Jur 2d, Malicious Prosecution §§ 78–81.

ranting a tort suit because such a proceeding may affect a legally protected interest.

6. MALICIOUS PROSECUTION—DEFENSES—ADVICE OF COUNSEL—GOOD FAITH—DISCLOSURE.

   Reliance upon the advice of counsel is a complete defense to a charge of malicious civil proceedings provided that such advice is sought and acted on in good faith, with a full disclosure made to counsel.

7. MALICIOUS PROSECUTION—DEFENSES—ADVICE OF COUNSEL—PROBABLE CAUSE—JURY QUESTION.

   The question of probable cause is for the jury where a defendant has invoked the defense of reliance on the advice of counsel to a charge of malicious civil proceedings, and where the facts concerning good faith and full disclosure are not free from dispute.

Appeal from Wayne, Roland L. Olzark, J. Submitted April 15, 1976, at Detroit. (Docket No. 22700.) Decided May 27, 1976.

Complaint by Thomas H. Rowbotham and Cheryl J. Rowbotham against the Detroit Automobile Inter-Insurance Exchange and the Secretary of State for damages for having wrongfully caused plaintiff Thomas H. Rowbotham's automobile operator's license to be suspended. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded.

*Sanford Kesten,* for plaintiff.

*Dice, Sweeney & Sullivan, P. C.* (by *Kenneth B. Howard, Jr.),* for Detroit Automobile Inter-Insurance Exchange.

Before: D. E. HOLBROOK, P. J., and BRONSON and D. C. RILEY, JJ.

D. C. RILEY, J. Plaintiffs appeal a Wayne County Circuit Court order of summary judgment, appar-

ently issued because the court believed plaintiffs had not stated a cause of action. GCR 1963, 117.2(1).

In 1969, defendant issued an automobile insurance policy to plaintiffs, but cancelled the policy when plaintiffs failed to pay the premiums. Despite the cancellation, plaintiffs submitted a claim to defendant for damages they sustained and damages they caused in an automobile accident. Defendant mistakenly paid $1,249, part to plaintiffs and part to an accident victim. On discovering the error of the payment, and after failing to reach an informal settlement, defendant sued plaintiffs and received a judgment for $1,249, plus costs and interest. After plaintiffs failed to comply with a court approved payment plan, defendant sought leverage to force payment. Defendant, through retained counsel, asked the court clerk of the 71st District Court to file a certification of an unsatisfied judgment, allegedly authorized by MCLA 257.511; MSA 9.2211. The statute, partially set out in the margin,[1] requires that the clerk of the court forward to the Secretary of State a certification of failure to satisfy a "judgment", with "judgment" having a particular statutory definition.[2] The clerk

---

[1] "Sec. 511(a). Whenever any person fails within 30 days to satisfy any judgment, the clerk of the court, or of the judge of a court which has no clerk, in which the judgment is rendered shall forward to the secretary of state immediately upon the request of the plaintiff or his attorney after the expiration of 30 days an abstract of the court record of the judgment properly certified, on forms supplied by the department."

[2] MCLA 257.23; MSA 9.1823 defines "judgment":

"Sec. 23. 'Judgment' means any judgment which shall become final by expiration without appeal of the time within which an appeal might have been perfected, or by final affirmation on appeal, rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action arising out of the ownership, maintenance, or use of any motor vehicle, for damages, including damages for care and loss of services, because of bodily injury to or death of any person, or for damages because of injury to or destruction of

filed a certificate, and the Secretary of State suspended Mr. Rowbotham's operator's license, allegedly pursuant to the statute. MCLA 257.512; MSA 9.2212.

Two years later, plaintiffs filed the present suit in the Wayne County Circuit Court, alleging in general terms that defendant's conduct in causing the suspension of Mr. Rowbotham's license was "wrongful, negligent, and illegal". The 71st District Court subsequently set aside the certification of unsatisfied judgment, informing the Secretary of State that the resulting suspension was improper. The district court ruled that defendant's judgment against plaintiffs was not the sort of unsatisfied judgment, as defined in the statute, that mandated license suspension.[3]

The Wayne County Circuit Court, after allowing plaintiffs to amend their complaint by adding factual allegations, granted defendant's motion for summary judgment. The court's order does not specify the reason for granting summary judgment. However, the transcript of certain of the proceedings below suggests that the court believed defendant had done nothing tortious in requesting the court clerk to file the certification.

We can understand the court's reluctance to accept plaintiffs' complaint as stating a cause of action. Their theory of liability seems novel and does not fit squarely into any traditional tort doctrine. Nonetheless, we hold that the grant of summary judgment was improper. The novelty of

property, including the loss of use thereof, or upon a cause of action on an agreement of settlement for such damages."

[3] The district court concluded that defendant's judgment was not given upon a cause of action arising out of the ownership, maintenance or use of any motor vehicle, but was instead grounded in fraud or unjust enrichment.

plaintiffs' theory should not automatically call for rejection of their claim; in truth, the theory is novel because ˙defendant chose a form of debt leverage that was itself novel. A plaintiff should not be barred from court, via a summary judgment order, merely because a creditor has discovered a new, and improper, method of exacting payment.

We say that this claim is novel because it does not clearly satisfy the traditional requirements of the two torts that we could ordinarily consider: abuse of process and malicious prosecution.

The essential elements to an action for abuse of process are the existence of an ulterior purpose and an act in the use of the process not proper in the regular conduct or prosecution of the proceedings. The action lies for the improper use of the process after it had been issued, not for maliciously causing it to issue. *Spear v Pendill,* 164 Mich 620; 130 NW 343 (1911). To restate the proposition, the tort concerns the willful use of a valid process to obtain a result the law did not intend. *Moore v Michigan National Bank,* 368 Mich 71, 74; 117 NW2d 105 (1962).

In the present case, plaintiffs' complaint comes close to alleging an abuse of process. The allegation that defendant chose to gain debt collection leverage by causing the suspension of Mr. Rowbotham's license is an allegation of an improper purpose in the use of the certification procedure. The only fact that would distinguish the present facts from a case such as *Marlatte v Weickgenant,* 147 Mich 266; 110 NW 1061 (1907), is the recognition that, on these facts, a certificate could not have been issued for any purpose. In *Marlatte,* the instigation of larceny charges would have been proper had defendant creditor's purpose not been to frighten the plaintiffs into paying money. 147

Mich at 274. In comparison, in the present case, there was no occasion for a proper use of the certificate procedure, as the judgment procured by defendant was not the sort of judgment that warranted a clerk's certification.

It is somewhat incongruous that a defendant can escape an abuse of process claim with a defense that the process could not have been issued for any purpose. Although incongruous, that is presently the status of the abuse of process tort. There is no tort of abuse of process because there was no legitimate process to be abused.

Turning to malicious prosecution, we note the traditional elements of that tort:

"1. A criminal proceeding instituted or continued by the defendant against the plaintiff.

"2. Termination of the proceeding in favor of the accused.

"3. Absence of probable cause for the proceeding.

"4. 'Malice', or a primary purpose other than that of bringing an offender to justice." Prosser, Torts (4th ed), § 119, p 835 (Footnote omitted).

See also, *Wilson v Yono,* 65 Mich App 441, 443; 237 NW2d 494 (1975).

The Michigan courts have clearly expanded this tort to include malicious civil proceedings. See, *e.g., Brand v Hinchman,* 68 Mich 590; 36 NW 664 (1888) (writ of attachment), and *Leeseberg v Builders Plumbing Supply Co,* 6 Mich App 321; 149 NW2d 263 (1967) (writ of attachment). We believe that a proceeding maliciously instituted to deprive a person of his operator's license can qualify as a proceeding warranting a tort suit, for the proceeding may adversely affect a legally protected interest. *Cf., Carver v Lykes,* 262 NC 345; 137 SE2d 139 (1964) (real estate broker's license).

Defendant urges that the summary judgment order be upheld because the existence of probable cause is conclusively established by defendant's assertion that it relied on the advice of counsel. Defendant cites *Davis v McMillan,* 142 Mich 391; 105 NW 862 (1905), for the proposition that advice of counsel is an absolute defense.

"Was there a question for the jury in the matter of probable cause? Defendants' counsel say there was not, for the reason that they acted upon the advice of counsel, which is a complete justification. To make such a complete defense, it is necessary that the advice be sought and acted upon in good faith, and that a full disclosure of all material facts be made to counsel." 142 Mich at 393–394.

Defendant further argues that the question of probable cause is a question of law for the court to decide and that the present trial judge's decision to grant summary judgment should not be disturbed. See *Sottile v DeNike,* 20 Mich App 468, 472; 174 NW2d 148 (1969).

However, the *Sottile* opinion does not authorize summary judgment in any case where defendant merely avers probable cause by alleging reliance on counsel. The *Davis v McMillan, supra,* excerpt, clearly requires that the advice be sought and acted on in good faith, with a full disclosure made to counsel. Michigan courts have often allowed the jury to consider the probable cause issue even when defendant invokes the defense of reliance on counsel. *E.g., Leeseberg v Builders Plumbing Supply Co, supra,* 6 Mich App at 326.

The jury will be allowed to pass on the question of probable cause where the facts concerning reliance, good faith, and disclosure are not free from dispute. *Cf., Belt v Ritter,* 18 Mich App 495, 503–

505; 171 NW2d 581 (1969), *aff'd* 385 Mich 402; 189 NW2d 221 (1971). See also *Brand v Hinchman, supra,* 68 Mich at 601.

In the present case, we cannot say that the facts presented below are free from dispute. Without any specific facts, we find it difficult to accept the claim that this defendant had a good faith belief that it could seek suspension of Mr. Rowbotham's operator's license.[4] We cannot agree that there was, as a matter of law, probable cause to request the certificate. The question remains one for the jury. See *LaLone v Rashid,* 34 Mich App 193; 191 NW2d 98 (1971).

In addition to the factual inadequacies of the proffered defense, we are troubled by the implications of defendant's argument. Without suggesting that the present defendant and its attorney had any particular relationship, we can envision disquieting results were courts to accept the defense without factual examination of good faith, reliance, and disclosure. Could it be the law that because an attorney knows that his client desires to cause an improper suspension of a driver's license that the client is thereby insulated from tort liability? We only pose the question; we refrain from answering because, as we have noted, the record is insufficient to warrant any conclusions.

We find that there is a necessity for further proceedings to consider at least the malicious civil proceedings claim.[5] We note, however, that our

---

[4] Defendant, on appeal, submitted an affidavit from the attorney who requested the certificate. The affidavit is not only tardy but unpersuasive as well.

[5] On remand, the parties should attempt to establish the facts surrounding the clerk's filing of the certificate. In particular, the parties should attempt to determine who decided to request the clerk's filing of the certificate and the purpose of the request. In addition, the parties should consider if the act of the court clerk was

concentration on the torts of abuse of process and malicious prosecution should not necessarily preclude plaintiffs from litigating a theory of simple negligence. It would appear that there are questions of fact on this theory as well.

Plaintiffs' complaint, to be sure, is ambiguous, but indicates that they may have been wronged. As was stated in a similar case over eighty years ago:

"For every malicious wrong there is certainly in this day and age a remedy; and, under our liberal system of pleading in this state, a plain and clear statement of the facts constituting the wrong is sufficient, and it is but little matter, in actions of trespass on the case, what the action is named or called." *Antcliff v June,* 81 Mich 477, 490; 45 NW 1019 (1890).

Although our system of pleading has been altered, the concept of providing a remedy for a wrong remains. Plaintiffs should be allowed to proceed.

the sole proximate cause of any injuries. *See Nash v Mayne,* 340 Mich 502, 508–509; 65 NW2d 844 (1954).