GASIS v SCHWARTZ

1. MALICIOUS PROSECUTION—ELEMENTS—PRIOR ACTION—FAVORABLE TERMINATION.

A complaint of malicious prosecution must be based upon a prior action which terminated in a manner favorable to the plaintiff.

2. NEGLIGENCE—ATTORNEYS—CAUSES OF ACTION.

An attorney for the plaintiff in a lawsuit owes no duty of care to the defendant on which the defendant may base a cause of action for negligence.

3. COURTS—DEPOSITIONS—REFUSAL TO CONSIDER—ERROR.

A trial court did not err in refusing to consider a deposition taken in defiance of an order of that court.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted November 2, 1977, at Lansing. (Docket No. 77-3313.) Decided January 5, 1978.

Complaint by Albert J. Gasis, Lillian M. Gasis and the Gasis Orthopedic Clinic, P. C., against Maurine Emmons and Robert Emmons for damages for malicious prosecution and against Stanley S. ·Schwartz and Sommers, Schwartz, Silver, Schwartz, Tyler and Gordon, P. C., for damages for negligence. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Richard P. King,* for plaintiffs.

*Newblatt & Grossman,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur 2d, Malicious Prosecution § 121.
[2] 7 Am Jur 2d, Attorney at Law § 167.
[3] 23 Am Jur 2d, Depositions and Discovery § 245.

Before: J. H. Gillis, P. J., and Bashara and H. L. Heading,* JJ.

H. L. Heading, J. Plaintiffs appeal from the order of the lower court granting defendants' motion for summary judgment. We conclude that the motion was properly granted, and affirm.

The case now before us grew out of another lawsuit, a medical malpractice action brought by defendants Maurine and Robert Emmons against plaintiffs Albert Gasis and Gasis Orthopedic Clinic. Stanley Schwartz and defendant professional corporation, acting as attorneys for Mr. and Mrs. Emmons, instituted the medical malpractice action.

During the pendency of the aforementioned malpractice lawsuit plaintiffs brought this action, alleging malicious prosecution by the Emmonses and negligence by their attorneys in bringing the action. Defendants filed motions for summary judgment, one pursuant to GCR 1963, 117.2(1), alleging that plaintiffs had failed to state a claim upon which relief could be granted, and one pursuant to GCR 1963, 117.2(3), and supported by affidavits, alleging that there was no genuine issue of fact. Plaintiffs filed no opposing affidavits.

After a hearing on the motions, the trial court granted summary judgment in favor of defendants on grounds that plaintiffs' complaint failed to state a cause of action. The court, in its opinion, pointed out that plaintiffs failed to allege a favorable determination under the prior lawsuit, an essential element of the tort of malicious prosecution. The court also found that defendant attorneys owed no duty of due care to plaintiffs, and that

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

plaintiffs therefore stated no cause of action for negligence.

The requirement that the prior action upon which a complaint of malicious prosecution is based must have terminated in a manner favorable to the plaintiff is one of long standing. The rule and its rationale were stated in *Brand v Hinchman,* 68 Mich 590, 598; 36 NW 664 (1888):

"When the action complained of is the beginning or prosecution of a criminal suit or proceeding it is properly held, by all the authorities, that the determination of such suit or proceeding must be such as does not admit a reasonable cause for the prosecution. There must be an acquittal, or such proceedings as determine the case in the favor of the accused person without any settlement by him of the criminal charges, or any connivance on his part to secure his discharge. This is also the general rule where a groundless and malicious civil suit constitutes the cause of action. Were the rule otherwise, the defendant in the action complained of might recover in an action for malicious prosecution, and yet be convicted, or have a judgment rendered against him, in the former suit."

Accord, *Rowbotham v Detroit Automobile Inter-Insurance Exchange,* 69 Mich App 142; 244 NW2d 389 (1976).

The trial court was correct in finding that plaintiffs' complaint was fatally defective in this regard, and in granting summary judgment to defendants on the malicious prosecution claim.

Plaintiffs allege, however, that the trial court erred in granting summary judgment to defendants Stanley Schwartz and Sommers, Schwartz, Silver, Schwartz, Tyler and Gordon, P. C. That claim, plaintiffs allege, was not for malicious prosecution but for negligence. Defendant attorneys, plaintiffs argue, have a duty to adverse parties not

to institute lawsuits without first undertaking a thorough investigation to determine whether the action is meritorious, and failure so to investigate constitutes actionable negligence vis-a-vis the adverse parties.

This novel theory has apparently not been ruled upon heretofore by an appellate court of this state. A similar claim was recently rejected, however, by the California Court of Appeals in *Norton v Hines,* 49 Cal App 3d 917; 123 Cal Rptr 237 (1975). The California court said, *Norton,* 49 Cal App 3d 917, 921:

> "In the case at bar a former litigant is suing adverse counsel. Clearly, an adverse party is not an intended beneficiary of the adverse counsel's client. If a cause of action exists against attorneys for the reasons alleged here, it must be pleaded as an action for malicious prosecution. We see no reason to extend applicable law now found in cases involving attorneys and third parties when there is sound and recognized public policy for limiting the cause of action to malicious prosecution under the facts as pleaded by Norton."

The court also noted that public policy considerations supported the result, saying:

> "The attorney owes a duty to his client to present his case vigorously in a manner as favorable to the client as the rules of law and professional ethics will permit. He is an advocate and an officer of the court. He is cognizant of the public policy that encourages his clients to solve their problems in a court of law.* * * We believe the public policy of favoring free access to our courts is still viable. However, if Norton's cause of action against attorneys for negligence is permitted, this policy will be subverted." *Norton, supra,* 922–923. (Footnote omitted.)

We think the reasoning of the California court is

sound, and adopt it. Defendant attorneys owed no duty to plaintiffs to refrain from acting on behalf of their clients. Read most favorably to plaintiffs, the pleadings and affidavits reveal no basis for assessing liability against defendant attorneys. The trial court did not err in granting defendants' motion for summary judgment.

Plaintiffs also allege error in the trial court's refusal to consider, in ruling on the motions, a deposition taken by plaintiffs in defiance of an order of the court. We do not think the trial court erred in this regard.

Affirmed. Costs to appellees.